UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | **CRIMINAL NO. 07-316 (PLF)** |
| : | |
| **ROY V. GRAY,** : | |
| : | |
| **Defendant.** : | |

**GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following memorandum in response to the Court's Order of July 7, 2008, directing the government to explain why it agreed to a sentence of probation in United States v. Tonya Sykes, CR 07-0195 (TFH), when the government is recommending a sentence of incarceration in this case.

1.  On November 30, 2007, the defendant pleaded guilty to one count of Making, Uttering or Possessing a Forged Security, in violation of 18 U.S.C. §513(a). The Presentence Investigation Report has determined the applicable Guidelines range to be 24 to 30 months imprisonment, and the government has requested that the Court sentence the defendant to 24 months imprisonment, the low end of that range.

2.  In United States v. Tonya Sykes, CR 07-0195 (TFH), the defendant pleaded guilty, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to one count of Wire Fraud, in violation of 18 U.S.C. §1343. The charge stemmed from the defendant's submission of fraudulent Time and Attendance reports to her employer, resulting in reimbursement for $118,624 in expenses to which she was not entitled. As part of the plea agreement, the parties agreed that a sentence of probation was an appropriate sentence. Before determining whether to accept the plea

agreement and the recommended sentence, the Court asked the parties to file memoranda in support of the proposed sentence. The government's memorandum is attached hereto. Some of the factors regarding the history and characteristics of the defendant that are discussed in the government's memorandum are explained more fully in a supplemental sentencing memorandum submitted by the defendant. A copy of the defendant's supplemental memorandum also is attached hereto. At a sentencing hearing conducted on July 2, 2008, the Court accepted the plea agreement and sentenced the defendant to 48 months probation.

3. Several factors distinguish this case from that of Ms. Sykes. First, and most notably, the litigation risks that were associated with the age of the case against Ms. Sykes are not present here. Those risks impacted the government's decision in Ms. Sykes's case to agree to a plea under Fed. R. Crim. P. 11(c)(1)(C). Second, Ms. Sykes's offense level was 13 and her Criminal History Category was I, resulting in a Guidelines range of 12 to 18 months imprisonment. Ms. Sykes's Guidelines range thus was significantly lower than the range applicable in this case. Third, as reflected in the attached memoranda, the history and characteristics of Ms. Sykes are distinguishable from those of Mr. Gray. Given these distinctions, the government respectfully submits that its sentencing recommendations in these cases do not create an unwarranted disparity among similarly-situated defendants within the meaning of 18 U.S.C. §3553(a)(6).

WHEREFORE, for the reasons set forth in its initial Sentencing Memorandum and at the sentencing hearing conducted on July 2, 2008, the United States respectfully requests that the Court impose a sentence of 24 months imprisonment in this case.

                Respectfully submitted,

                JEFFREY A. TAYLOR
                United States Attorney

By:        /s/
                _____
                ANGELA G. SCHMIDT
                Assistant United States Attorney
                Texas Bar No. 17764980
                Federal Major Crimes Section
                555 4th Street, N.W., 4th Floor
                Washington, D.C.  20530
                (202) 514-7273
                Angela. Schmidt@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 07- 195-01(THH) |
| | : | |
| TONYA SYKES, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S JUSTIFICATION FOR ACCEPTANCE OF 11(c)(1)(C) PLEA

The United States of America, by and through its attorneys, the United States Attorney for the District of Columbia, hereby submits its memorandum in support of the plea entered into by the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.

Defendant is charged in a one count information with a violation of 18 U.S.C. § 1343, wire fraud. The information charged that Defendant submitted fraudulent "time and expense" reports. As a result of those fraudulent submissions, defendant received $118,624.

Rule 11(c)(1)(C) of the current Federal Rules of Criminal Procedure provides:

> An attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement. The court must not participate in these discussions. If the defendant pleads guilty or nolo contendere to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will:
>
> * * *
>
> (C) agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement).

In accordance with Rule 11(c)(1)(C), counsel for the United States and for Defendant reached a plea agreement that Defendant would plead guilty to one count of 18 U.S.C. § 1343. In exchange, counsel for the United States agreed not to seek an indictment, and and agreed that the appropriate sentence for the count to which Defendant would plead guilty is a sentence of probation, with the terms of supervision to be determined by the Court. The plea agreement has been filed. On September 21, 2007, Defendant appeared before the Court and indicated her intent to enter a plea of guilty in accordance with the plea agreement. On March 3, 2008, the parties appeared before this Court for sentencing. The Court ordered the parties to file a justification for the plea.

From 1974, when the Federal Rules of Criminal Procedure were amended to include rules governing plea bargaining, to the present, Rule 11 has included an explicit provision allowing for the government and the defendant to bargain pretrial for an agreed upon sentence in exchange for a guilty plea. See Fed. R. Crim. P. 11 Advisory Committee's Note. In formalizing procedures to govern the practice of plea bargaining, the Advisory Committee conceded "both the inevitability and the propriety of plea agreements." Id. (describing the purpose of the 1974 amendments set forth in then subdivision (e) of Rule 11). Quoting the Supreme Court in Santobello v. New York, 404 U.S. 257, 260 (1971), the Committee noted that "[t]he disposition of criminal charges by agreement between the prosecutor and the accused, sometimes loosely called 'plea bargaining,' is an essential component of the administration of justice. Properly administered, it is to be encouraged." Fed. R. Crim. P. 11 Advisory Committee's Note. In the context of plea bargaining, there are instances where the mutually beneficial outcome for both the government and the defendant includes an explicit agreement as to the defendant's sentence.

The Advisory Committee's note to Rule 11 acknowledges that certainty in one's sentence may be a key consideration in the bargaining process.

Starting from the premise, as the Supreme Court did in <u>Santobello</u>, that the efficient disposition of criminal cases by way of plea bargain, when properly administered, "is to be encouraged," the United States advocates the acceptance of Defendant's plea. The negotiated sentence of one year of supervised probation is an appropriate and reasonable outcome in this case considering the factors to be weighed by a sentencing court pursuant to 18 U.S.C. § 3553(a). This negotiated sentence properly addresses the key factors identified in § 3553(a) – the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed as opposed to the kinds of sentences available.

The proposed sentence adequately reflects the nature and circumstances of the offense as well as the history and characteristics of the defendant. First of all, as soon as the Defendant was confronted with this allegation, she admitted her guilt to the law enforcement officer, and immediately wrote a check for $10,000 to show her good faith. Since that confrontation, she has been unwavering about her guilt. Indeed, Defendant admitted that during that time she was grieving for several relatives who had passed away, acquired an illness that required substantial and expensive medical treatment, and endured periods of depression. Rather than waiting for someone else to bail her out of these situations, Defendant has sought psychological treatment. Defendant has no criminal history and is employed as a senior financial controller for Science Application International Corporation.

Although this case has prosecutive merit, it is five years old. The age of the case does impact on the prosecutorial decision in this case.

The proposed sentence would provide an adequate deterrent to criminal conduct since she will have a felony conviction. The public would be sufficiently protected from further crimes by this defendant since Defendant has abided by all her conditions of release, and has not committed any violations of law since this prosecution began.

The circumstances of Defendant's offense suggest that a period of probation with conditions ordered by this Court may be beneficial. For example, an appropriate program of community service may result in an outcome that is positive for Defendant as well as society.

While the proposed sentence falls outside the range proscribed by the United States Sentencing Guidelines, it adequately addresses the factors set forth in 18 U.S.C. § 3553. The Guidelines would result in a total offense level of 13 under U.S.S.G. § 2B1.1(b)(1)(E). Given Defendant's lack of criminal history, would result in a sentence of 12-18 months' imprisonment.

As discussed in detail above, however, because the sentence proposed by the parties is consistent with the factors set forth in 18 U.S.C. § 3553, it is an appropriate sentence in this case. Accordingly, the United States requests the Court to accept Defendant's plea.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
Bar No. 498610

_____

Julieanne Himelstein
Assistant United States Attorney

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Cr. No. 07-195 (TFH) |
| | : | |
| **TONYA SYKES,** | : | |
| | : | |
| **Defendant** | : | |

## SUPPLEMENTAL SENTENCING MEMORANDUM

On March 3, 2008, Ms. Sykes appeared before this Court for sentencing in accordance with her guilty plea to a one count Information charging her with Wire Fraud in violation of 18 U.S.C. § 1343. Her guilty plea was provisionally accepted by Magistrate Judge John M. Facciola on September 21, 2007. During the March 3, 2008, hearing, this Court expressed concern about enforcing the Fed. R. Crim. P. 11(c)(1)(C) plea agreement in this case and as a result of this concern requested further briefing from the parties as to why this Court should enforce the plea agreement in this case. A new sentencing date of May 22, 2008 was set and the parties were instructed to file supplemental sentencing memorandum.

On May 12, 2008, the government filed a memorandum entitled Justification for Acceptance of 11(c)(1)(C) Plea. In the government's filing, undersigned counsel believed that all relevant information and authority for accepting the plea agreement in this case had been adequately articulated and thus did not submit a supplemental sentencing memorandum. Further, undersigned counsel had consulted all trial attorneys in the Federal Public Defender's Office to ascertain whether or not any other attorneys had experience in Fed. R. Crim. P. 11(c)(1)(C) pleas in cases similar to the instant case. Unfortunately, undersigned counsel has been advised that no other attorney from the Federal Public Defender's Office has had any experience with cases

involving a loss amount over $100,000 and Fed. R. Crim. P. 11(c)(1)(C) pleas.

On June 23, 2008, this Court issued an Order putting the parties on notice that the Court still harbors the same concerns it initially raised at the sentencing hearing in March. Currently, sentencing in this case is set for July 2, 2008 at 10 a.m. In light of the Court's Order, undersigned counsel submits the following in an effort to provide more information as to why the Court should accept the plea agreement in this case and sentence Ms. Sykes to a term of probation.

Beginning in the late fall of 1998 continuing up until January 2003, Ms. Sykes had falsely submitted time and expense reports as a consultant for Accenture. Over the course of approximately four years, Ms. Sykes wrongly received approximately $118,000 as a result of her fraudulent submissions of her time and expense reports (thereby receiving approximately $30,000 a year). On January 31, 2003, Ms. Sykes was confronted by her supervisors at Accenture as well as agents of the F.B.I. about these fraudulent time and expense reports submitted to Accenture. Immediately upon confrontation, Ms. Sykes admitted her wrongdoing. Ms. Sykes gave a written statement to the F.B.I. that she had wrongly and fraudulently received money from Accenture due to falsely submitted time and expense reports. Also during this confrontation, Ms. Sykes wrote a check for $10,000.00 to show her good faith that she was serious about paying the money back and admitting how wrong her conduct had been. At the conclusion of the interview, Ms. Sykes was told that she would likely receive more information about how the situation was going to be handled in approximately six to nine months. However, it was not until the summer of 2005 that Ms. Sykes heard anything from the F.B.I. or any other law enforcement entity about her unlawful conduct as an employee of Accenture.

2

In no way does Ms. Sykes seek to minimize the unlawful and fraudulent conduct she participated in, however, there were significant personal issues that Ms. Sykes faced during the years of 1999 through 2003 that led to her actions. To begin, Ms. Sykes has had a very strained relationship with her parents. As noted in the Pre-Sentence Report, her parents ultimately divorced in 2004 - however, the relationship of her parents had not been one of a solid family unit from the time Ms. Sykes can remember. Ms. Sykes is an only child and throughout her childhood Ms. Sykes acted as a "go-between" for her parents. For example, her father would instruct her to tell her mother things and vice versa. Apparently, for years, her parents communicated through Ms. Sykes. This type of behavior on the part of her parents has led Ms. Sykes to be estranged from them. Ms. Sykes realized - over time - that this type of behavior between parents and child was abnormal. Further, her observations of her parent's relationship has significantly impacted her ability to have her own relationships with others.

Also during the course of her unlawful conduct at Accenture, Ms. Sykes went through a serious of medical issues that were very upsetting and traumatic. In approximately 2002, Ms. Sykes was tested for several different gynecological and pre-cancerous cysts. She was hospitalized for a brief time in order to adequately address these gynecological issues. To date, Ms. Sykes is still being monitoring for these issues. While these medical issues were on-going, several family members of Ms. Sykes passed away. Over a fourteen month period, her grandfather, grandmother, uncle and aunt died - resulting in the loss of all maternal family members other than her mother. The grief of these deaths - while also managing time with her estranged mother was very difficult for Ms. Sykes.

However, most importantly during this time, Ms. Sykes realized that she was struggling

in her personal life as well as her committing fraud with regard to her professional life. As a result of this realization, Ms. Sykes personally sought out the help of a therapist to help her deal with the various issues she was facing. It was realized - through therapy - that Ms. Sykes was suffering from depression. Fortunately, Ms. Sykes was able to face some of the issues she was dealing with and has successfully worked through these issues with the therapist's help.

While Ms. Sykes has committed a very serious crime, she has expressed regret and remorse for her actions. Ms. Sykes has been living with the guilt and shame of her actions for over five years and is eager to pay restitution in this case. In anticipation of her upcoming sentencing hearing, Ms. Sykes submitted the attached letter written to the Court in an effort to provide some additional information in order for the Court to accept the plea in this case. Undersigned counsel intended to present this letter to the Court at the time of sentencing, however, in light of the recent Order and on-going concerns by the Court, undersigned counsel submits this letter now.

For all of the foregoing reasons and such other reasons that may be discussed at the sentencing hearing in this matter, Ms. Sykes respectfully requests that the Court accept the plea agreement in this case and impose a sentence of probation which is adequate to promote the relevant sentencing objectives at issue in this case.

_____Respectfully submitted,

__/s/_____
Danielle C. Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste. 550
Washington, D.C. 20004
(202) 208-7500